IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FREDDIE L. BROWN,**

    **Plaintiff,**

**vs.**                                                  **Case No. 4:03cv87-RH/WCS**

**SGT. STEPHEN M. COYNE, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* inmate, has filed a motion to vacate and set aside his previously dismissed civil rights complaint. Doc. 72. It is assumed that Plaintiff seeks relief from the final judgment. Plaintiff presents no basis for such relief and, thus, is insufficient on its face under FED. R. CIV. P. 60. Rule 60 provides relief form judgment in certain limited circumstances: (a) clerical mistakes; (b) mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, the judgment is void, or it "is no longer equitable that the judgment should have prospective application . . . ." FED. R. CIV. P. 60(a), (b). None of those reasons are apparent from Plaintiff's motion.

Moreover, reasons such as mistake, newly discovered evidence, or fraud which are presented to vacate the judgment may not be made "more than one year after the judgment, order, or proceeding was entered or taken." FED. R. CIV. P. 60(b). More than a year has passed since judgment was entered as Plaintiff's case was dismissed on April 15, 2004.[1]  Plaintiff is not entitled to have the judgment vacated.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to vacate and set aside the judgment entered in this case, doc. 72, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 3, 2005.

 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] This case was dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Plaintiff could not demonstrate the favorable termination requirement because criminal charges were outstanding and those charges were based upon an arrest which was the basis of his constitutional claim.

Case No. 4:03cv87-RH/WCS